MoIlvaine, J.
If the defendants have power to provide for the payment of relators’ claim by taxation, their duty to do so is not questioned. Nor is the power of the commissioners to provide, by taxation, for the payment of the debts of the county, disputed. The principal contention, therefore, is, does the claim of relators constitute a debt of the county ?
The form of the bond, if that alone were to be considered, would clearly indicate an obligation on the part of the county. The following is a copy:
“ No. 131. State of Ohio, $500.00.
County of Fayette.
“ Be it known that the County of Fayette, in the State of Ohio, hereby acknowledges to owe Grove & Coffman, or bearer, the sum of Five Hundred Dollars, payable at the office of the Treasurer of said Fayette County, on the first day of March, 1871, with interest at the rate of seven per centum per annum, from the first day of September, 1868, payable semi-annually at said Treasurer’s office on the 1st day of March and September in each year, on the surrender of each coupon hereto annexed—attested by the Auditor of said county. ,
“ This bond is issued in pursuance of and according to an act of the General Assembly of the State of Ohio, entitled *529 £An act to authorize the County Commissioners to construct roads on petition of a majority of the'resident land-owners along and adjacent to the lino of said road, and repeal an act therein named,’ passed March 29, 1867, and the acts amendatory and supplementary to said act, passed March 31, 1868, and May 16, 1868, respectively.
“ In testimony whereof, The Commissioners of said County of Fayette, and as such Commissioners have hereunto set our hands and names, and affixed the seal of said County, this 4th day of November, 1869.
“A. MoOandless, Allen TIegler, ) Commissioners Auditor of Wm. Clark, j- of said Fayette Fayette County, O. Enos Reeder, ) County, Ohio. Registered Nov. 4, 1869.”
The question of the power of the commissioners to obligate the county, is, however, raised on the statutes to which reference is made in the bond. The holder of the bond is notified by its face, that the power assumed by the commissioners is to be found in these statutes. Section 7 of the statute provides, ££ That for the purpose of raising money necessary to meet the expenses of such improvement, the commissioners of the county are hereby authorized to issue the bonds of the eountij, payable in installments, or at intervals not exceeding in all five years, bearing interest at the rate not to exceed seven per cent, per annum, payable semi-annually, which bonds shall not be sold for less than their par value.” From the language of the statute here quoted, perhaps no one would deny that the debt evidenced by the authorized bonds is the debt of the county in its quasi corporate capacity—indeed, the language is not susceptible of any other méaning : but, inasmuch as the same section provides for an assessment upon the lands specially benefited and lying within two miles of the improvement, to meet the payment of the interest and principal of the bonds, it is contended that no other mode or manner of taxation can be resorted to for the purpose of paying the bonds. However plausible this contention may be, we think it cannot be maintained. That the legislature might have so provided, we do *530 not deny, but if sueli was the intention, it should have been expressed in very clear and unmistakable terms. Such terms were not used, nor is such inference clear. On the other hand, the liability of the county in its quasi corporate capacity is expressed in apt and unmistakable words : and if for such liability a portion only of the taxable property of the county can in any event be taxed, such intent on the part of the legislature should have been expressed in like apt and unmistakable terms. As between the county and the taxing district created by the statute, to wit; “ the territory within two miles of the road improvement,” it cannot be doubted that the intent of the ■statute was to impose the burden of the improvement upon the latter; but as to the creditor holding bonds issued to meet the expenses of the improvement, the faith of the county to the extent of all its taxable property was pledged, by the express authority given -to the commissioners to issue therefor “ the bonds of the' county.” Whenever, therefore, payment of the bonds cannot be provided for, by local assessment under the statute, it is the duty of the commissioners to make provision for their payment, as for the payment of other debts of the county, by a levy upon all the taxable property of the county.
Again, although the question is not raised by the pleadings in this case, it is suggested that, inasmuch as the power of the commissioners to make improvements, under the act of March 29, 1867, and its amendments, depends on the fact that the petition for the improvement be subscribed by a majority of the resident land-holders whose lands were reported benefited thereby, which fact did not exist in the case before us, as was adjudged in the case of Hays v. Jones, 27 Ohio St. 218, therefore the-bonds in question were unauthorized and void. True, it was found in that case that the jurisdictional fact named was. wanting, and therefore it was adjudged, that the defendants, parties in that case, be forever restrained from enforcing the collection of the special assessment against the property of the plaintiffs in that action. Rut the relators, or their intestate, though he purchased the bonds during the pendency of that action, were not parties to it or bound by its result.
*531 The jurisdictional fact in question is thus stated in the answer of the defendants to this proceeding:
“ During said proceedings, and before the final order, a majority of the land-holders resident in said Fayette county whose lands had been reported for assessment, as aforesaid, had signed said petition for said improvement.
“ That in the month of July, 1868, the said report of said viewers and surveyor came on to be heard before the said board of county commissioners, at which time a number of said petitioners presented a remonstrance to said board asking that said improvement be not made, yet the said commissioners decided that a majority of the land-holders whose lands had been reported for assessment had signed the petition, and then made the final order for said improvement on the-day of July, a. d. 1868, and such further proceedings were had that the contract for making such improvement was awarded to' Grove & Coffman, to be paid for in the bonds of said Fayette county, of which the said bonds mentioned in the plaintiff’s petition constituted a part, and said improvement completed in the year 1870, according to the contract and specifications therefor.”
The rights of the relators, as we conceive, do not depend upon the fact whether or not a majority of the land-holders had subscribed the petition for the improvement. That their intestate purchased the bonds before maturity, for a valuable consideration, and without actual knowledge of any defect in their execution,' is -conceded. Of .coqrse, to the extent he was bound to inquire as to the regularity of their execution, he is chargeable with any information which reasonable diligence would have revealed. Fie was bound to know that the bonds were issued under the authority of certain statutes. The face of the bond gaVe him this information. It was certified in the bond that it was “ issued in pursuance of and according to ” the statute; and there are authorities which hold that an indorsee may rely on such recital, without further inquiry as to the regularity of the issue. State ex rel. v. Robertson, 27 Ohio St. 96; Warren v. Marcy, 97 U. S. 96.
But conceding that such recital does not relieve the pur *532 chaser of such bonds from further inquiry as to the performance of conditions precedent to their execution, an examination of the records of the commissioners would have 'revealed the fact that every condition precedent had been fully performed ; and among others, that a majority of the resident land-holders whose lands were reported benefited by the improvement, had subscribed the petition, and that the commissioners had so found the fact to be. True, under the decision of Hays v. Jones, this finding was not conclusive in such a ease ; but, nevertheless, it was a fact which it became the duty of the commissioners to pass upon, and having found it in favor of the improvement, and issued bonds reciting the fact that every condition precedent had been performed, it appears to us, that an innocent purchaser of the bonds, relying upon the information thus acquired, should be protected against such defense on the part of the county, which, in fact, has realized and enjoyed the' full benefit of the proceeds. Commissioners v. Aspinwall, 21 How. U. S. 539; Bissell v. Jeffersonville, 21 Ib. 287; Warren v. Moray, 97 U. S. 96; State ex rel. v. Robertson, 27 Ohio St. 96; State ex rel. v. Garrett, 7 Ohio St. 327; Shoemaker v. Goshen Township, 11 Ohio St. 569.

Peremptory writ awarded.